*360 Voto particular disidente emitido por la
Juez Asociada Se-ñora Rodríguez Rodríguez,
al que se une el Juez Presi-dente Señor Hernández Denton.
Esta Curia hoy se niega a considerar los planteamientos de un grupo de vecinos y vecinas preocupados por su vida. Es inminente el paso de una línea kilométrica de gas natural por zonas aledañas a sus viviendas. No puedo permane-cer callada.
Por las razones que a continuación exponemos, entende-mos que la mayoría se ha equivocado al denegar las solici-tudes de prórroga presentadas por la parte recurrida. Con-sideramos que el denegarlas equivale a no reconocer a una parte el derecho que tiene a ser escuchada y privarle a este Tribunal de contar con todos los elementos de juicio nece-sarios para adjudicar la presente controversia. Una contro-versia del más alto interés público y que versa sobre la aprobación de una Declaración de Impacto Ambiental Final (DIA-F) de un enorme gasoducto.
I
A.
Es importante narrar los hechos de este caso. Esto, ya que está revestido del más alto interés público. Los aquí recurridos son personas naturales cuya seguridad personal e intereses y derechos propietarios, agrícolas, ambientales, estéticos, entre otros, se afectarán por la construcción de un enorme gasoducto que se promociona publicitariamente como “Vía Verde”. Lo anterior, de por sí, debe ser suficiente para que este Tribunal reciba y pondere todos los plantea-mientos y cuente con un expediente completo y amplio que le permita tomar una decisión reflexiva, concienzuda e informada. Esto, sin aferrarse a un formalismo extremo *361 que termine cambiando nuestra función de impartir justi-cia por una aplicación mecánica de leyes, normas y reglamentos.
B.
Tenemos ante nuestra consideración unos recursos de certiorari que presentaran, el 6 de septiembre de 2011 y de forma separada, la Junta de Calidad Ambiental (JCA) y la Autoridad de Energía Eléctrica (AEE). En dichos recursos se nos pide que revisemos una Resolución que emitió el Tribunal de Apelaciones el 18 de agosto de 2011. Esta es el resultado de la presentación de tres recursos de revisión administrativa mediante los cuales se solicitó que el foro intermedio revisara la aprobación de la Declaración de Im-pacto Ambiental Final (DIA-F) que emitió la JCA en el pro-yecto de gasoducto “Vía Verde.” Esencialmente, los peticio-narios recurridos solicitaron al Tribunal de Apelaciones que dejara sin efecto la Resolución R-10-45-1 de la Junta de Calidad Ambiental mediante la cual se aprobó el In-forme del Subcomité y se determinó que la DIA-F presen-tada por la AEE para el proyecto de gasoducto cumplió con todos los requisitos de la Ley Núm. 416 de 22 de septiem-bre de 2004 (12 L.RR.A. sec. 801 et seq.), conocida como la Ley sobre la Política Ambiental.
Así las cosas, el Tribunal de Apelaciones, el 31 de marzo de 2011, emitió urna sentencia que desestimó, por falta de legitimación activa, los tres recursos de revisión administra-tiva presentados e identificados con los alfanuméricos KLRA201001238 (Justo Lozada Sánchez y otros), KLRA201001246 (Juan Cortés Lugo y otros) y el KLRA201001248 (Unión de Trabajadores de la Industria Eléctrica y Riego-UTIER). Sin embargo, luego de que opor-tunamente se solicitara reconsideración, el foro apelativo la acogió y dictó la Resolución ante nuestra consideración. En-tendió que Juan Cortés Lugo y otros (KLRA201001246) sí *362 cumplían con los requisitos impuestos por la doctrina de legitimación activa y, por lo tanto, podían solicitar revisión de la DIA-F del proyecto de gasoducto.
Inconformes, la AEE y la JCA recurrieron ante este Tribunal la Resolución reseñada. El 6 de septiembre de 2011 presentaron ante esta Curia, de manera separada, mocio-nes urgentes en auxilio de jurisdicción, entre otros escritos. Adujeron que ese mismo día habían presentado sus recur-sos de certiorari para solicitar que revisáramos la Resolu-ción que hoy nos ocupa. La Procuradora General, en repre-sentación de la JCA, certificó haber notificado a las partes la moción en auxilio de jurisdicción mediante entrega personal y/o por correo certificado con acuse de recibo a las partes: Justo Lozada; Juan Camacho Moreno, Wanda I. González, Carmen I. Alvarado Rivas, Enrique J. Seguí Ca-salduc, Elba T. Escribano De Jesús, Ledo. Andrés Santos Ortiz, Ledo. Pedro Saadé Lloréns, Ledo. Luis José Torres Asencio; Ledo. Eliezer Aldarondo Ortiz, Hon. Pedro J. Nieves Miranda, Subcomité Interagencial de Cumplimiento Ambiental por Vía Acelerada, Leda. Dimarie Alicea Lozada.(1) Por otra parte, los licenciados Eliezer Aldarondo Ortiz, Eliezer Aldarondo López y la licenciada Rosa Campos Silva, en representación de la AEE, certificaron haber notificado la moción en auxilio de jurisdicción a los licen-ciados Pedro Saadé Llórens y Luis José Torres Asencio a sus respectivas direcciones, al Sr. Pedro J. Nieves Miranda y a la licenciada Karla Pacheco Alvarez a sus direcciones postales. Tenemos que decir que ambas mociones llegaron con el epígrafe original del caso ante la consideración del Tribunal de Apelaciones, aun cuando este solo había reco-nocido legitimación activa a la parte compareciente en el recurso KLRA201001246 (Juan Cortés Lugo). Precisa- *363 mente, en la moción que presentó la JCA el epígrafe dice: “Justo Lozada Sánchez, Juan Camacho Moreno, Wanda I. González Vélez, Carmen I. Alvarado Rivas, Enrique J. Se-guí Casalduc, Elba T. Escribano de Jesús, Parte con Inte-rés-Recurrentes In Re: Autoridad de Energía Eléctrica, Agencia Proponente-Recurrida, Junta de Calidad Ambien-tal, Agencia Recurrida.” De igual manera, aunque en orden diferente, lo hace el recurso que presentó la AEE.
Siendo esto así, oportunamente, la parte recurrida pre-sentó un escrito titulado “Alegato de las partes recurridas”, donde rebatió los argumentos de la parte peticionaria. En respuesta, el 6 de octubre la JCA presentó un escrito titu-lado “Réplica al alegato de las partes recurridas”. Cónsono con lo que señalara en la nota al calce número uno, se notificó este escrito a Justo Lozada Sánchez y no a Juan Cortés Lugo, quien era parte en el caso KLRA201001246. Según certifica la licenciada Karla Z. Pacheco Alvarez, Procuradora General Auxiliar, el mismo día se envió copia por correo certificado a, entre otras personas, los licencia-dos Pedro Saadé Lloréns y Luis José Torres Asencio, repre-sentantes legales de la parte recurrida. De igual manera, la AEE presentó el 6 de octubre un escrito titulado “Oposi-ción a Alegato de las Partes Recurridas”, y certificó haber notificado a las partes.
Debido a la presentación del escrito en oposición presen-tado por la parte peticionaria, el 13 de octubre compareció “la parte recurrida, Justo Lozada Sánchez et al”,(2) por con-ducto de su representación legal y solicitó se le concediera una prórroga de diez (10) días para contestar el escrito en oposición presentado por la AEE.(3) Asimismo, el 20 de oc-tubre de 2011 compareció ante este Foro la parte recurrida, Juan Cortés Lugo y otros, por conducto de su representa-ción legal y solicitó se le concediera una prórroga de diez *364 (10) días para contestar el escrito en oposición presentado por la JCA.(4)
Así las cosas, el 8 de noviembre de 2011, diecinueve (19) días después que la parte solicitara prórroga para contes-tar el escrito de la JCA y veintiséis (26) días después que la parte solicitara prórroga para contestar el escrito de la AEE, la mayoría de este Tribunal sostiene que procede de-clarar “no ha lugar” la moción presentada por Justo Lo-zada Sánchez y otros porque, aunque se presentó a tiempo, éste no es parte en el caso. Sin embargo no se menciona el hecho de que la JCA notificó a Justo Lozada Sánchez en lugar de notificar a Juan Cortés Lugo; más importante aún, tampoco se dice que quien compareció fue la Clínica de Asistencia Legal de la Universidad de Puerto Rico, ins-titución a cargo de la representación legal de Juan Cortés Lugo. Por lo cual debe, obligatoriamente, colegirse que esto se debió a una confusión o inadvertencia que a todas luces debe ser excusable.
La mayoría entiende que “un simple cálculo aritmético demuestra que [la moción presentada el 20 de octubre] fue presentada a destiempo”. Resolución de 8 de noviembre de 2011. No obstante, no considera, siquiera, la alegación de la parte recurrida sobre que conoció del escrito el 19 de octubre de 2011.
No existe duda de que el caso de referencia es extenso y complejo. También se deduce del expediente que al conso-lidarse los tres casos ante el Tribunal de Apelaciones se mantuvo un epígrafe donde Justo Lozada Sánchez era el primer nombre; lo mismo se hizo ante este Foro. Tampoco hay dubitaciones de que la JCA notificó sus escritos y mo-ciones al señor Justo Lozada Sánchez en lugar de a Juan Cortés Lugo, aunque sí a su representación legal, y que *365 esto pudo causar confusión entre las partes. Del mismo modo, se desprende del expediente que tanto la Sección Ambiental de la Clínica de Asistencia Legal de la Univer-sidad de Puerto Rico, dirigida por el licenciado Pedro Saadé LLoréns, como el licenciado Luis José Torres Asen-cio, participante del Programa de Práctica Compensada de Servicios Legales de Puerto Rico, representaron a Juan Cortés Lugo y otros, y no a Justo Lozada y otros ante el foro intermedio y ante esta Curia.
II
Los derechos afectados en el recurso ante nuestra con-sideración son de la más alta jerarquía. La cercanía del gasoducto “Vía Verde” a las viviendas de los demandantes, sumado a la posibilidad de ser expropiados, amerita que consideremos los recursos presentados de manera sose-gada y que escuchemos todos los planteamientos de las partes. Actualmente, no existen órdenes de paralización y el proyecto transcurre normalmente. Siendo esto así, nada nos impide que recibamos la dúplica de la parte recurrida y, por lo tanto, contar con un expediente más completo e informado.
Debemos recordar que el Reglamento de este Tribunal en su Regla 31(d) dispone que “[c]ualquier parte que desee expresarse a favor o en contra de una moción que solicite algún remedio deberá hacerlo dentro de los diez (10) días de la notificación antes dicha”. 4 L.P.R.A. Ap. XXI-A. No obstante, dicho término no es jurisdiccional. Anterior-mente hemos señalado que la discreción es “[e]l más pode-roso instrumento ... reservado a los jueces ...”. Banco Metropolitano v. Berrios, 110 D.P.R. 721, 725 (1981). Además, hemos dispuesto que la “discreción es ‘una forma de razo-nabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera’ ”. Banco Popular de P.R. v. Municipio de Aguadilla, 144 D.P.R. 651, 657-658 (1997). Más *366 aún, en León v. Rest. El Tropical, 154 D.P.R. 249, 259 (2001), dijimos que “[n]uestro deber principal es impartir justicia y no dejarnos llevar por tecnicismos”. En aquel en-tonces estaba ante nuestra consideración si un error en el epígrafe del emplazamiento viciaba la notificación. Contes-tamos en la negativa y agregamos que era meritorio un acercamiento menos formalista por ser este último el más justo. Véase León v. Rest. El Tropical, supra, pág. 258.
Por todo lo anterior, y por tratarse de un error no subs-tancial en el nombre de la parte compareciente, provocado por, entre otras cosas, el epígrafe del recurso, las notifica-ciones de la JCA y la complejidad de la controversia, pro-veería ha lugar a la moción presentada el 13 de octubre en la que se solicitaba una prórroga para contestar el escrito presentado por la AEE titulado “Oposición al alegato de las partes recurridas.” De igual manera, considerando que la Clínica de Asistencia Legal supo del escrito presentado por la JCA el 19 de octubre de 2011, proveería ha lugar a la solicitud de prórroga presentada el 20 de octubre para con-testar el escrito titulado “Réplica del alegato de las partes recurridas”. No hacerlo así equivaldría a privar a una parte de su derecho a ser escuchada y a esta Curia de con-tar con todos los elementos de juicio necesarios. Como se-ñalara el filósofo griego en su opus prima, La República, la justicia es dar a cada uno lo debido. En este caso, no hay duda que lo debido es permitirle a Juan Cortés Lugo y otros presentar su escrito en dúplica de la réplica presen-tada por la parte peticionaria.

 Igualmente notificaron a Justo Lozada Sánchez y otros la Moción Informa-tiva, y en cumplimiento con la Regla 39 del Reglamento de esto Honorable Tribunal, 4 L.P.R.A. Ap. XXI-A, la Réplica al Alegato de las Partes Recurridas, la petición de certiorari, la moción en solicitud de autorización para presentar recurso en exceso del límite de páginas permitidas.

 Moción solicitando prórroga suscrita por el licenciado Pedro J. Saadé Lloréns el 13 de octubre de 2011.

 Nótese que, hasta ese momento, a las partes peticionarias se les permitió presentar su alegato y una réplica al alegato de las partes recurridas.

 Quienes verdaderamente son parte en el pleito ante nuestra consideración son Juan Cortés Lugo y otros, no Justo Lozada. Sin embargo, la sección ambiental de la Clínica de Asistencia Legal representa a Juan Cortés. No es difícil colegir que el error en la comparecencia de la parte no era más que una inadvertencia de la repre-sentación legal de Juan Cortés Lugo y otros.